# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-60231
Summary Calendar

YASMIN NOORANI

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 683 447

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Yasmin Noorani, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal of the denial of her application for the withholding of removal. Noorani does not challenge the denial of relief under the Convention Against Torture in her petition before this court. The issue is therefore deemed abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When, as here, the BIA agrees with the immigration judge's ("IJ") determination that the applicant is not credible without rejecting any of the IJ's grounds for decision  this court reviews both the BIA's and the IJ's opinions, including portions of the IJ's decision not explicitly discussed by the BIA. *Yun-Zui v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005); *see also Chun v. INS*. 40 F.3d 76, 78 (5th Cir. 1994) (this court may review credibility finding made by the IJ if adopted by the BIA). This court reviews the factual findings for substantial evidence. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Under the substantial evidence standard, a petition for review will not be granted unless this court decides "not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotations and citation omitted).

Contrary to Noorani's contentions, there is substantial evidence to support the IJ's credibility determinations. Noorani's assertions regarding the status of the Pakistan People's Party ("PPP") was in conflict with the evidence in the Country Reports. Further, Noorani's own testimony regarding her husband's participation in the PPP was both internally inconsistent and in direct conflict with her application. Although it is arguable that the IJ misspoke when he stated that the lack of corroborating evidence impeached Noorani's credibility, the IJ correctly applied the law as it related to the requirements of 8 U.S.C. § 1158 (b)(1)(B)(i), (ii). Accordingly, the petition for review is DENIED. *See Chen*, 470 F.3d at 1134.